statute. See *State v. Longley*, 2007 VT 101, ¶ 10, 182 Vt. 452, 939 A.2d 1028 (noting presumption against imposing statutory construction that would lead to absurd results).

*Affirmed.*

2011 VT 100

**STATE of Vermont v. F.M.**

[30 A.3d 685]

No. 10-211

¶ 1. September 7, 2011. This appeal raises the question of the meaning of expungement within our judicial system. Defendant seeks the removal of references to a dismissed count from the docket entries regarding his case. We remand the matter for such removal.

¶ 2. In December 2008, defendant was charged with four counts. In June 2009, under a plea agreement with the State, defendant pled guilty to Count 2, reckless endangerment; the State dismissed the other three counts; and defendant received a deferred sentence and the promise that Count 2 would be dismissed if defendant successfully completed mental health court proceedings. In February 2010, the court, upon request, recognized that defendant had successfully completed mental health court requirements and, per the plea agreement, dismissed Count 2 and ordered expungement of the record pursuant to 13 V.S.A. § 7041(e). Following this order, however, the docket sheet for defendant's case still referred to Count 2, labeling it "expunged" in the list of disputes and referring in the descriptive docket entries to "disputes 1-4."

¶ 3. The following month, defendant moved to correct the clerical record to remove all references in the docket entries to the expunged count. The court denied the motion "[i]n light of the problems outlined in the emails" among court clerks, administrators, and information services personnel describing the complexities involved in deleting docket entries from the electronic system. This appeal followed.

¶ 4. Defendant contends that the continued reference to the expunged count in the docket entries violates 13 V.S.A. § 7041(e), which provides that, following fulfillment of a deferred sentence agreement, the record of the criminal proceedings shall be expunged. This expungement order shall "expunge all records and files related to the arrest, citation, investigation, charge, adjudication of guilt, criminal proceedings, and probation related to the deferred sentence." 13 V.S.A. § 7041(e).

¶ 5. Defendant argues that, as described by the statutory language, the docket entries should no longer reflect a record of Count 2 because he pled guilty to Count 2 and received a deferred sentence agreement, which he successfully completed. Defendant challenges the trial court's refusal to enforce its expungement order because of the difficulty of compliance, noting that the docket entries concerning his case continue to refer to "disputes 1-4," rather than "disputes 1, 3-4," a direct violation of the expungement required by statute. The State filed a letter with the Court explaining its decision not to file a brief "given that the sole issue concerns how the judiciary carries out expungements rather than whether or not the record in this particular case should be expunged."

¶ 6. We agree with defendant that all records of Count 2 should be removed from the docket sheet concerning his case. Because defendant fulfilled his deferred sentence agreement for this count, § 7041(e) requires the true expungement from records and files of references to it.

Labeling Count 2 "expunged" and continuing to refer to "disputes 1-4" is insufficient. The difficulties inherent in deleting docket entries from our current docket entry system — while real — do not justify a violation of the statute on the part of the judiciary.

¶ 7. References to Count 2 will be removed from the docket entries of defendant's case as displayed by the computer system. Defendant's docket sheet will no longer refer to Count 2 in either the initial list of disputes or subsequent docket entries. Court staff is instructed to eliminate from notes language referring to the expunged count. Following this expungement, neither the clerk's office personnel nor the public will have access to information about Count 2, and defendant's docket sheet will refer only to Counts 1, 3, and 4. This manner of expungement within the judiciary's current docket entry system will satisfy the requirements of § 7041(e).

¶ 8. The changes in the docket entries required by this decision must be implemented by the Court Administrator as they involve actions of staff who operate and modify the judiciary computer system. We will remand the case to the trial court with the understanding that the necessary actions will be taken under the directive of the Court Administrator.

*Reversed and remanded for actions consistent with this decision.*